

# Fourth Court of Appeals
## San Antonio, Texas

### OPINION

No. 04-12-00487-CR

Osmin Agruelles **MERAZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 371st Judicial District Court, Tarrant County, Texas
Trial Court No. 1254009D
The Honorable Mollee Westfall, Judge Presiding

Opinion by:   Luz Elena D. Chapa, Justice

Sitting:   Sandee Bryan Marion, Justice
Marialyn Barnard, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed:  October 9, 2013

AFFIRMED

A jury found Osmin Agruelles Meraz guilty of continuous sexual abuse of a young child or children and assessed punishment at confinement in prison for life.  Meraz appeals, arguing there is reversible error in the jury charge and that the evidence is insufficient to support the verdict. We affirm the judgment.

### BACKGROUND

In August 2011, sisters AN and AM, who were then seven and ten years old, told their mother that appellant had been touching them inappropriately.  As a result of the investigation that

followed, appellant was charged with continuous sexual abuse of a young child or children. *See* TEX CODE CRIM. PROC. ANN. art. 21.02 (West 2012). The evidence at trial established that the sisters stayed at their grandmother Carolina's house while their parents were at work. Carolina lived in Grand Prairie, Dallas County, Texas, with her long-time boyfriend — appellant — and her teenage daughter, Stephanie. The sisters consider appellant to be their grandfather. When the sisters started school, Stephanie babysat them at Carolina's house during the summer and on school holidays and breaks. Stephanie was primarily responsible for caring for the sisters, but appellant would do so on occasion when his work as a painter was slow and when the weather prevented him from working. In May 2010, appellant, Carolina, and Stephanie moved into a house with Stephanie's older sister in Arlington, Tarrant County, Texas. During the summers of 2010 and 2011, AM's and AN's mother dropped them off at the house in Arlington every morning. This arrangement continued until August 11, 2011, when the sisters made their outcry to their mother.

Both girls testified at trial. AM testified the first time appellant touched her was at Carolina's house (in Dallas County), when she was seven years old. She testified appellant touched her vagina with his mouth and with his penis. AM said she had her clothes on, but they were "pulled down," and appellant's pants were pulled down. She was on her back on Carolina's bed, and appellant got on top of her and moved around. She testified she saw appellant's private part. AM testified that this happened on repeated occasions at Carolina's house, always in the same bedroom. It also continued to happen after appellant moved to Arlington. She testified that what appellant did most often was to put his penis on her vagina. Sometimes he touched her bottom and breasts with his hand. He told AM he was checking her breasts to see if they were growing. There were also times appellant made AM touch his penis and rub it. She testified he showed her how to grab it and move her hand up and down. The abuse continued happening whenever she was alone with appellant and stopped when her sister told their mother.

AN testified she did not remember how old she was when appellant started touching her, but she was younger than she was at the time of trial. AN testified the abuse occurred on the bed in her grandmother's room at her aunt's house (in Arlington). AN testified she and appellant both had their clothes on, and he would put his private part on her private part. One time appellant made AN put her hand down his pants and touch his private part and she felt hair. AN also testified that she was in the room sometimes when appellant would put his private part on her sister's vagina.

The application paragraph of the jury charge tracked the language of the indictment and instructed the jury it could find appellant guilty if it found from the evidence beyond a reasonable doubt that defendant:

> [I]n Tarrant County, Texas, on or about the 1st day of August 2008, through the 11th day of August 2011, did intentionally or knowingly, during a period of time that is 30 days or more in duration, commit two or more acts of sexual abuse, to wit: indecency with a child, by causing [AN] to touch the sexual organ of the Defendant, and/or by touching the female sexual organ of [AN]; and aggravated sexual assault of a child under 14, by causing the female sexual organ of [AM] to contact the sexual organ of the Defendant, and or by causing the female sexual organ of [AM] to contact the mouth of the Defendant, and at the time of the commission of each of these acts of sexual abuse the Defendant was 17 years of age or older and [AN] and [AM] were younger than 14 years of age . . .

Appellant did not object to the charge. The jury returned a guilty verdict and subsequently sentenced appellant to life in prison.

On appeal, appellant argues he was egregiously harmed because the jury charge (1) failed to instruct the jury it could not consider evidence of alleged acts that had occurred in Dallas County as evidence of guilt; (2) allowed the jury to consider evidence of alleged abuse that occurred before 2010 because all the alleged abuse before 2010 occurred in Dallas County; and (3) erroneously combined the allegations of abuse involving both victims because some of the evidence of alleged

acts against AM occurred in Dallas County. In his fourth issue, he contends the evidence is legally insufficient to prove that all the elements of the offense occurred in Tarrant County.

## DISCUSSION

Appellant's issues are all based on his contention that the jury could only properly consider evidence of acts of sexual abuse that occurred in Tarrant County, and that the trial court erred by allowing the jury to "consider evidence of events that occurred in Dallas County, outside the jurisdiction of the trial court, and contrary to the indictment that alleged Tarrant County as jurisdiction of the alleged offense." We disagree.

First, we note that a district court in Tarrant County, Texas, has jurisdiction to try this felony case, without regard to where in Texas the offense was committed. TEX. CONST. art. V, § 8; *Fairfield v. State*, 610 S.W.2d 771, 779 (Tex. Crim. App. [Panel Op.] 1981). Where a case may properly be tried is a question of venue, not jurisdiction. *Skillern v. State*, 890 S.W.2d 849, 859 (Tex. App.—Austin 1994, pet. ref'd). Venue, even if improper, does not affect the power or jurisdiction of a district court to hear and determine a felony case. *Fairfield*, 610 S.W.2d at 779; *Skillern*, 890 S.W.2d at 859.

Next, appellant complains the jury charge improperly allowed the jury to consider acts that occurred outside of Tarrant County. However, appellant points us to no authority requiring that all of the predicate acts of sexual abuse that constitute the offense of continuous sexual abuse of a young child or children be committed in the same county. Section 21.02 of the Penal Code creates a single offense. *Render v. State*, 316 S.W.3d 846, 857 (Tex. App.—Dallas 2010, pet. ref'd). The continuous sexual abuse statute allows the State to seek "one conviction for a 'series' of acts of sexual abuse with evidence that, during the relevant time period, appellant committed two or more different acts that section 21.02 defines as means of committing a single criminal offense and not as two or more separate criminal offenses." *Id.* The acts may be committed against more than one

child victim, and the jury is "not required to agree unanimously on which specific acts of sexual abuse were committed by the defendant or the exact date when those acts were committed." TEX. PENAL CODE ANN. § 21.02(d) (West Supp. 2012). The location or place where the sexual abuse was committed is not an element of the offense. *See id.* § 21.02. And the legislature did not require that all elements of the offense be committed in one county. *See id.*; *State v. Weaver*, 982 S.W.2d 892, 893-94 (Tex. Crim. App. 1998) (aggravated theft statute created one offense consisting of multiple acts of theft, without regard to whether individual acts occurred in multiple counties, and venue is proper in any county in which an individual theft or any element thereof occurred). Accordingly, we hold the trial court did not commit charge error by allowing the jury to consider evidence of acts of abuse that occurred in Dallas County. We overrule appellant's issues one through three.

In his fourth issue, appellant contends the evidence is legally insufficient to support the conviction because the jury could not rationally have concluded that the acts of sexual abuse constituting the offense all occurred in Tarrant County.

In a challenge to the legal sufficiency of the evidence, we consider the entire record in the light most favorable to the verdict to determine whether any rational trier of fact could have found the defendant guilty of all the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Villarreal v. State*, 286 S.W.3d 321, 327 (Tex. Crim. App. 2009). The "essential elements" of the offense are defined by the hypothetically correct jury charge for the case. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). The hypothetically correct jury charge is one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the offense for which the defendant was tried. *Id.*

The allegation that the offense was committed in Tarrant County is a venue allegation, and the State may always allege that the offense was committed in the county where the prosecution is carried on. TEX. CODE CRIM. PROC. ANN. art. 13.17 (West 2005).[1] Venue is not a constituent element of the offense charged. *Skillern*, 890 S.W.2d at 860; *State v. Blankenship*, 170 S.W.3d 676, 682 (Tex. App.—Austin 2005, pet ref'd). Venue need not be proven beyond a reasonable doubt and, the State's failure to prove venue does not negate the guilt of the accused. *Fairfield*, 610 S.W.2d at 779.

To sustain the allegation of venue, the State's burden is only to prove by a preponderance of the evidence that the county where the offense is prosecuted has venue. TEX. CODE CRIM. PROC. ANN. art. 13.17. On appeal, we presume that venue was proved in the trial court unless it was disputed in the trial court or the record affirmatively shows the contrary. TEX. R. APP. P. 44.2(c)(1). Appellant did not dispute venue in the trial court, and the record does not affirmatively negate Tarrant County as a county of proper venue.

At the time this offense was committed, no special venue provision applied.[2] Therefore, the general venue rule found in article 13.18 of the Code of Criminal Procedure applies. TEX. CODE CRIM. PROC. ANN. art. 13.18 (West 2005). Under article 13.18, venue is proper in the county where the offense was committed. *Id.* When conduct constituting a single offense is committed in more than one county, venue under the general venue rule is proper in any of those counties. *Weaver*, 982 S.W.2d at 893; *Wood v. State*, 573 S.W.2d 207, 210-211 (Tex. Crim. App. [Panel Op.] 1978). The State presented evidence that appellant began committing acts of sexual abuse

---

[1] The indictment may properly allege the offense was committed in the county of prosecution even if the proof shows the offense was committed elsewhere, so long as the county of prosecution has venue. *See* TEX. CODE CRIM. PROC. ANN. art. 21.06 (West 2009); *Rushing v. State*, 546 S.W.2d 610, 611 (Tex. Crim. App. 1977); 40 GEORGE E. DIX, & JOHN M. SCHMOLESKY, TEXAS PRACTICE SERIES: CRIMINAL PRACTICE AND PROCEDURE §5:55 (3d ed. 2011).

[2] The legislature has since enacted a special venue provision for certain offenses against children committed on or after September 1, 2011. *See* TEX. CODE CRIM. PROC. ANN. art. 13.075 (West Supp. 2012).

against AM when she was seven years old and would sometimes stay at appellant's house in Dallas County.  AM testified appellant committed the acts on multiple occasions and continued assaulting her after May 2010, when appellant moved to Tarrant County.  The record reflects that all of appellant's sexual abuse of AN occurred in Tarrant County, between May 2010 and August 2011.  More than a preponderance of the evidence established that appellant committed elements of the offense of continuous sexual abuse of a young child or children in both Dallas and Tarrant counties.  We hold venue was proper in Tarrant County, and appellant has not challenged the sufficiency of the evidence to support any of the essential elements of the offense for which he was convicted.  We therefore overrule appellant's fourth issue.

The judgment of the trial court is affirmed.


Luz Elena D. Chapa, Justice

Publish