**AFFIRMED; Opinion Filed June 17, 2016.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-15-00219-CR

### DIONESIO CEZARIO ESCOBAR, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the Criminal District Court No. 3
Dallas County, Texas
Trial Court Cause No. F-1430430-J**

## MEMORANDUM OPINION

Before Justices Bridges, Evans, and Richter[1]
Opinion by Justice Evans

A jury found appellant Dionesio Cezario Escobar guilty of continuous sexual abuse of a child under the age of fourteen. In two issues, appellant contends the evidence was insufficient to support the conviction and the jury verdict violated the unanimity requirement of article V, section 13 of the Texas Constitution. For the reasons that follow, we affirm the trial court's judgment.

### BACKGROUND

The complaining witness L.A. was nine years old at the time of trial. She testified that appellant, her stepfather, began sexually abusing her when she was about six and a half years old and the abuse continued until shortly before her ninth birthday. L.A. described several instances

---

[1] The Hon. Martin Richter, Justice, Assigned

of abuse during that time. Specifically, she detailed four acts of sexual abuse, including oral and vaginal contact. The jury also heard testimony from L.A.'s father, a forensic examiner, the police officer who witnessed L.A's forensic interview, and the medical doctor who examined L.A. Additionally, a recording of an interview with appellant was admitted into evidence. Appellant called his mother and L.A.'s mother who, among other things, testified about where L.A. had lived. Appellant did not testify. At the close of evidence, the jury found appellant guilty of continuous sexual abuse of a child under fourteen and the trial court assessed punishment at fifty years' imprisonment. Appellant filed this appeal.

**ANALYSIS**

In his first issue, appellant argues the evidence is insufficient to prove that all four acts of sexual abuse occurred in Dallas County during a period of thirty days or more. Specifically, he asserts that because the first act of abuse occurred in Johnson County, it should not have been considered by the jury and there was insufficient evidence that the remaining Dallas acts of abuse occurred during a period of thirty days or more.

When an appellant challenges the legal sufficiency of the evidence, we consider the entire record in the light most favorable to the verdict to determine whether any rational trier of fact could have found the appellant guilty of the essential elements of the offense beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Dobbs v. State*, 434 S.W.3d 166, 170 (Tex. Crim. App. 2014).

To convict a person of continuous sexual abuse of a child under fourteen, the State must prove beyond reasonable doubt that (1) during a period of thirty days or more in duration, the defendant committed at least two acts of "sexual abuse," whether or not the acts were committed against the same victim, and (2) for each act, the defendant was at least seventeen years old and the victim was less than fourteen years old. *See* TEX. PENAL CODE ANN. § 21.02(b) (West 2015).

The statute, however, does not require that the exact dates of the abuse be proven. *Brown v. State*, 381 S.W.3d 565, 573–74 (Tex. App.—Eastland 2012, no pet.). Moreover, the location or place where the sexual abuse was committed is not an element of the offense. *See* TEX. PENAL CODE ANN. § 21.02.

Underlying appellant's argument is his contention that evidence of abuse that occurred in Johnson County cannot be used to support his conviction because it did not occur in Dallas County as alleged in the indictment. However, the allegation that the offense was committed in Dallas County is a venue allegation and the State may always allege the offense was committed in the county where the case is tried. TEX. CODE CRIM. PROC. ANN. art. 13.17 (West 2015). Appellant does not dispute that venue was proper in Dallas County. *See generally Wood v. State*, 573 S.W.2d 207, 210–11 (Tex. Crim. App. 1978) (venue is proper in any county in which at least one element of an offense occurred).

The continuous sexual abuse of a child statute creates a single offense that allows the State to seek one conviction for "a series" of acts of sexual abuse with evidence of the means that, during the relevant time period, the defendant committed two or more different acts as defined in the statute. *See Render v. State*, 316 S.W.3d 846, 857 (Tex. App.—Dallas 2010, pet. ref'd). Appellant cites no authority, and we have found none, that requires all of the predicate acts of continuous sexual abuse of a young child occur in the same county. Consistent with this offense being a single conviction for "a series" by means of two or more acts as defined in the statute, courts have concluded the acts may occur in more than one county. *See Meraz v. State*, 415 S.W.3d 502, 505–06 (Tex. App.—San Antonio 2013, pet. ref'd) (no charge error in allowing jurors to consider acts of abuse that occurred in Dallas County when indictment and charge alleged offense occurred in Tarrant County); *see also Gomez-Macial v. State*, No. 05-14-00977-CR, 2016 WL 198534, at *6 (Tex. App.—Dallas January 14, 2016, pet. ref'd) (no charge error in

failing to limit jurors to considering only those acts of abuse occurring in Dallas County, where case was tried). Here, there was evidence from L.A. and the forensic investigator that appellant committed multiple predicate acts during a span covering several years, which a rational jury was free to accept. The evidence is legally sufficient to support appellant's conviction.[2] We resolve appellant's first issue against him.

In his second issue, appellant contends the jury verdict violates article V, section 13 of the Texas Constitution because the jury could not have unanimously agreed that all acts of sexual abuse occurred in Dallas County. As stated above, the location or place where the sexual abuse was committed is not an element of the offense. *See* TEX. PENAL CODE ANN. § 21.02. Indeed, the statute does not require jurors "to agree unanimously on which specific acts of sexual abuse were committed by the defendant or the exact date when those acts were committed." *Id.* at § 21.02(d). All that is required is for the jury to agree unanimously that the defendant, during a period of thirty or more days in duration, committed two or more acts of sexual abuse. *Id.* Appellant's argument hinges on the contention that the jury could not consider evidence of abuse that allegedly occurred in Johnson County to convict him, a contention we have already rejected. Moreover, as noted above there was conflicting evidence as to where the first instance of sexual

---

[2] Although appellant asserts the first act of abuse identified by L.A. occurred in Johnson County, we note that the evidence is conflicting on this issue. Appellant relies on L.A.'s testimony that the first act of abuse occurred "at our old apartment" when she was six and a half years old, together with L.A.'s mother's testimony that before she and her children moved in with appellant's mother, they lived with appellant for two or three months at her brother's house in Johnson County. L.A.'s mother also testified, however, that L.A. was only four or five years old when they lived in Johnson County.

L.A. only remembered living with appellant's mother in one apartment. Appellant's mother, however, testified that she lived in two different apartments in the same complex. She also indicated that appellant and L.A's mother lived with her in both apartments. L.A's mother confirmed that she lived in both apartments. She also testified, however, that she and appellant also lived together at another apartment complex. Moreover, the forensic investigator testified that L.A. told him the abuse began when she was six or seven years old. It was within the province of the jury to resolve any conflicts this evidence created with respect the location where appellant first sexually abused L.A. and we must defer to that determination. *See Thomas v. State*, 444 S.W.3d 4, 8 (Tex. Crim. App. 2014).

abuse detailed by L.A. occurred.  Appellant has not established a violation of article V, section 13 of the Texas Constitution.  We therefore resolve appellant's second issue against him.

We affirm the trial court's judgment.


/David Evans/
DAVID EVANS
JUSTICE


Do Not Publish
TEX. R. APP. P. 47
150219F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DIONESIO CEZARIO ESCOBAR,
Appellant

No. 05-15-00219-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 3, Dallas County, Texas
Trial Court Cause No. F-1430430-J
Opinion delivered by Justice Evans, Justices
Bridges and Richter participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 17th day of June, 2016.