**Opinion issued June 28, 2018**



**In The**

# Court of Appeals

**For The**

# First District of Texas

_____

**NO. 01-16-00516-CR**

_____

**TEODORA HINOJOSA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 209th District Court**
**Harris County, Texas**
**Trial Court Case No. 1285136**

## O P I N I O N

After a bench trial, appellant Teodora Hinojosa was found guilty of continuous sexual abuse of a child and sentenced to 45 years in prison. TEX. PENAL CODE § 21.02. The trial court later conducted a hearing to correct several errors in the judgment.

On appeal, Hinojosa raises two issues. He argues that the court's failure to obtain a written waiver of his right to a jury trial was reversible constitutional error. He also challenges the sufficiency of the evidence to support his conviction because the indictment alleged that the offense occurred in Harris County, but some of the evidence necessary to support the judgment relates to incidents in Brazoria County.

We affirm. There is sufficient evidence in the record of a knowing waiver of the right to a jury trial. Moreover, measured against a hypothetically correct jury charge, the evidence permitted a rational trier of fact to find Hinojosa guilty beyond a reasonable doubt. The variance between an allegation that the continuous sexual abuse of a child occurred in Harris County and proof that some of the elements occurred in Brazoria County is not material so as to render the evidence insufficient to support the conviction.

## Background

For several years, appellant Teodora Hinojosa dated a woman who was the mother of six children, including the complainant, C.N. During that time Hinojosa often spent the night at the house where his girlfriend lived with her children. When C.N. was approximately 12 years old, she confided in a friend, her cousin, and finally a teacher, that Hinojosa had touched her in a sexually inappropriate way. After C.N. made the outcry to her teacher, her school alerted the Pasadena Police Department.

Following an investigation led by Officer J. Stephens, a grand jury indicted Hinojosa for continuous sexual abuse of a minor. The indictment alleged that he sexually abused C.N. multiple times "in Harris County, Texas" over a period of almost seven months. At trial, C.N. testified that Hinojosa began abusing her when she was nine years old and continued until she was 12. She described numerous instances of abuse that occurred during that time, including attempted vaginal penetration, oral sex being performed on her, and other various sexual contacts. The sexual abuse occurred at C.N.'s home in Brazoria County and at Hinojosa's home in Harris County. C.N.'s family later moved to a home in Harris County, and Hinojosa sexually abused her several more times in that home. The incidents alleged in the indictment were when Hinojosa performed oral sex on C.N. at her home in Brazoria County, and an attempted vaginal penetration at his home in Harris County. Officer Stephens testified at trial that based on his investigation, he was able to identify Hinojosa's home in Harris County and C.N.'s residence in Harris County as two locations where incidents of sexual abuse occurred.

The court found Hinojosa guilty and sentenced him to 45 years in prison. Over two weeks after the trial and sentencing, at Hinojosa's request, the court held a hearing to correct several errors in the judgment. During the hearing, the court crossed out an incorrect reference to a plea bargain and an incorrect statement indicating a waiver of the right to appeal. The judgment was corrected to show that

3

Hinojosa had entered a plea of not guilty. During the course of the hearing, the trial judge acknowledged that a "normal" waiver of a jury trial was not signed, and he explained that a bench trial was requested. Defense counsel made no formal objection to the judgment's statement that Hinojosa "waived the right of trial by jury," and no evidence was offered to contradict the judgment by establishing the absence of a knowing and voluntary waiver of the right to a trial by jury.

**Analysis**

Hinojosa raises two issues on appeal. First, he asserts that his conviction should be overturned for constitutional error because the trial court failed to obtain a written waiver of the right to jury trial. Second, he asserts that the trial court should not have considered evidence of sexual abuse that occurred in Brazoria County because the indictment alleges the offense occurred "in Harris County." He argues that the evidence of sexual abuse that occurred in Harris County was insufficient to support his conviction for continuous sexual abuse of a child.

**I.      Waiver of jury trial**

In his first issue, Hinojosa asserts that the trial court erred by failing to obtain a written waiver of a jury trial, and that this was a constitutional error requiring reversal.

Every criminal defendant has the fundamental right to a trial by jury. U.S. CONST. amends. VI & XIV; TEX. CONST. art. I, § 15. A defendant facing felony

charges may waive his right to a jury trial, and the record must reflect that he made an express, knowing, and intelligent waiver. *Hobbs v. State*, 298 S.W.3d 193, 197 (Tex. Crim. App. 2009). Such a waiver must be made in person, in writing, and in open court. TEX. CODE CRIM. PROC. art. 1.13(a). Because neither the state nor the federal constitution requires that this waiver be written, a violation of this aspect of Article 1.13(a) constitutes a statutory error rather than a constitutional error. *Johnson v. State*, 72 S.W.3d 346, 348 (Tex. Crim. App. 2002).

The State concedes that the record does not include a written jury-trial waiver as required by Article 1.13(a). The standard of review for non-constitutional errors requires us to disregard the error unless it affected the appellant's substantial rights. *Id.*; *see also* TEX. R. APP. P. 44.2(b). When there is no written jury waiver, a defendant is not harmed by the violation if the record otherwise reflects that he knew about his right to a jury trial, and that he waived this right. *Johnson*, 72 S.W.3d at 349; *Ramirez v. State*, No. 01-12-00339-CR, 2013 WL 1183304, at *1 (Tex. App.—Houston [1st Dist.] Mar. 21, 2013, no pet.). A recitation in a judgment can be evidence of a knowing waiver and is binding absent "direct proof of its falsity." *Johnson*, 72 S.W.3d at 349; *see also Kmiec v. State*, 91 S.W.3d 820, 824 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd).

In this case, the document that Hinojosa references as the only evidence that he waived his right to a jury trial is titled "JUDGMENT OF CONVICTION BY

COURT—WAIVER OF JURY TRIAL." It specifically stated: "Defendant waived the right of trial by jury . . . ." This recitation encompasses the language used in the judgment affirmed by the Court of Criminal Appeals in *Johnson*, which stated the defendant "waived trial by jury," and which the court held established knowledge and waiver of the right absent any direct proof of its falsity. 72 S.W.3d at 349.

Hinojosa does not claim in his brief that he actually wanted a jury trial, and despite a discussion on this very subject at the hearing to correct the judgment, his counsel did not dispute the trial judge's observation that a bench trial had been requested, nor did counsel present any evidence that Hinojosa did not knowingly and intentionally waive his right to a jury trial, or any evidence that he wanted anything other than a bench trial.

Hinojosa argues that the court's ruling in *Samudio v. State*, 648 S.W.2d 312 (Tex. Crim. App. 1983), supports a reversal. In *Samudio*, the absence of any evidence in the record that the defendant knowingly waived his right to a jury trial required reversal and remand for a new trial. *Id*. Hinojosa's case is distinguishable because the judgment in *Samudio* did not reflect a waiver of the right to a jury trial. *Id*. at 315. The relevant portion read: "[N]o jury having been demanded, trial proceeded before the Court . . . ." *Samudio v. State*, 635 S.W.2d 183, 184 (Tex. App.—Houston [1st Dist.] 1982), *aff'd*, 648 S.W.2d 312 (Tex. Crim. App. 1983). The judgment in *Samudio* indicated only that the defendant never requested a jury

trial, not that he affirmatively waived the right to have one. Conversely, the judgment in this case, like that in *Johnson*, explicitly stated that the defendant waived the right to a trial by jury.

The trial court erred by failing to obtain a written waiver of jury trial, but on this record, the error was harmless. Because the judgment stated that Hinojosa waived his right to a jury trial, and he did not present any evidence to the contrary, we must presume he knew of his right to a jury trial and waived it. Accordingly, we overrule the first issue.

## II.    Sufficiency of the evidence

In his second issue, Hinojosa argues that because the indictment alleged an offense in Harris County, only evidence of incidents that occurred in Harris County could be considered in determining his guilt. Hinojosa asserts that there was only sufficient evidence for the court to find him guilty of the lesser-included offense of aggravated sexual assault of a child for the abuse that occurred in Harris County. We construe and analyze this argument as a challenge to the sufficiency of the evidence to support Hinojosa's conviction for continuous sexual abuse of a child.

Every criminal conviction must be supported by legally sufficient evidence as to each element of the offense that the State is required to prove beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 315, 99 S.Ct. 2781, 2787 (1979); *Adames v. State*, 353 S.W.3d 854, 859 (Tex. Crim. App. 2011). To determine whether this

7

standard has been met, we review all of the evidence in the light most favorable to the verdict, and we decide whether a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson*, 443 U.S. at 319, 99 S.Ct. at 2789; *Brooks v. State*, 323 S.W.3d 893, 902 (Tex. Crim. App. 2010). Sufficiency of the evidence is measured by the elements of the offense as defined by the hypothetically correct jury charge for the case. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). The hypothetically correct jury charge does not necessarily have to track exactly all of the charging instrument's allegations, and whether an unproved allegation is to be included in the hypothetically correct jury charge is determined by whether the variance between the allegation and the proof is material. *Ramjattansingh v. State*, No. PD-0972-17, 2018 WL 2714677, at *3 (Tex. Crim. App. June 6, 2018). Venue is not a "criminative fact," and therefore it is not an element of an offense for purposes of evaluating the sufficiency of the evidence. *See, e.g.*, *Schmutz v. State*, 440 S.W.3d 29, 34 (Tex. Crim. App. 2014).

A person is guilty of continuous sexual abuse of a child if:

> (1) during a period that is 30 or more days in duration, the person commits two or more acts of sexual abuse, regardless of whether the acts of sexual abuse are committed against one or more victims; and
>
> (2) at the time of the commission of each of the acts of sexual abuse, the actor is 17 years of age or older and the victim is a child younger than 14 years of age, regardless of whether the actor knows the age of the victim at the time of the offense.

TEX. PENAL CODE § 21.02(b). The State may seek one conviction under Section 21.02 for multiple acts of sexual abuse over an extended period of time. *See Price v. State*, 434 S.W.3d 601, 605–06 (Tex. Crim. App. 2014). An "act of sexual abuse" under this statute includes aggravated kidnapping, indecency with a child, sexual assault, aggravated sexual assault, burglary (if the actor intended to commit one of the four previously listed offenses), sexual performance of a child, trafficking for sexual purposes, and compelling prostitution. TEX. PENAL CODE § 21.02(c). The location of the sexual acts is not an element of the offense. *See id.* § 21.02(b). Nor does the statute require all elements of the offense to be committed in one county. *See id.*; *Meraz v. State*, 415 S.W.3d 502, 505 (Tex. App.—San Antonio 2013, pet. ref'd).

The indictment alleged that the offense of continuous sexual abuse of a child occurred in Harris County. As the underlying "acts of sexual abuse," the indictment specifically listed two incidents of aggravated sexual assault. A person commits aggravated sexual assault when he intentionally, or knowingly:

>  (i) causes the penetration of the anus or sexual organ of a child by any means;
>
>  (ii) causes the penetration of the mouth of a child by the sexual organ of the actor;
>
>  (iii) causes the sexual organ of a child to contact or penetrate the mouth, anus, or sexual organ of another person, including the actor;

> (iv) causes the anus of a child to contact the mouth, anus, or sexual organ of another person, including the actor; or
>
> (v) causes the mouth of a child to contact the anus or sexual organ of another person, including the actor; and
>
> . . .
>
> the victim is younger than 14 years of age, regardless of whether the person knows the age of the victim at the time of the offense . . . .

TEX. PENAL CODE § 22.021(a)(1)(B), (a)(2)(B).

C.N. testified in detail about one incident at Hinojosa's home in Harris County, in which he took off her shorts and underwear and rubbed his bare "private parts" against her "private parts." She further testified that he then attempted to "put it inside" of her, but he stopped because she kept saying it hurt. Hinojosa does not argue that this testimony was insufficient to prove an aggravated sexual assault. C.N. testified that on another occasion, at her home in Brazoria County, Hinojosa removed her pajamas and underwear and put his mouth on her "private parts." Hinojosa only asserts that this incident could not constitute an act of sexual abuse under the indictment, which alleged continuous sexual abuse in Harris County, because the incident described did not occur in Harris County. He does not argue that the testimony was insufficient to prove the elements of an aggravated sexual assault.

The alleged variance between the indictment and the proof at trial is that some but not all of the evidence necessary to support conviction for continuous sexual

10

abuse of a child occurred in Harris County. This type of variance involves immaterial non-statutory allegations of the type that do not render evidence legally insufficient. *See, e.g.*, *Johnson v. State*, 364 S.W.3d 292, 298–99 (Tex. Crim. App. 2012). Measuring the evidence against a hypothetically correct jury charge that does not require proof that the elements of continuous sexual abuse of a child occurred in specified counties, we conclude that a rational trier of fact could have found, beyond a reasonable doubt, that Hinojosa committed an aggravated sexual assault against C.N. in each of the two incidents described above. Each of these separate assaults are considered elements of the singular offense of continuous sexual abuse of a child, and there was no requirement that each element of the offense must have occurred in Harris County. Accordingly, we overrule this second issue.

## Conclusion

We affirm the judgment of the trial court.

Michael Massengale
Justice

Panel consists of Justices Higley, Massengale, and Lloyd.

Publish. Tex. R. App. P. 47.2(b).

11