**Affirm and Opinion Filed June 30, 2022**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-20-01110-CR

## DONALD WAYNE OWENS, Appellant
## V.
## THE STATE OF TEXAS, Appellee

### On Appeal from the 397th Judicial District Court
### Grayson County, Texas
### Trial Court Cause No. 070234

## MEMORANDUM OPINION

Before Justices Myers, Carlyle, and Goldstein
Opinion by Justice Myers

Appellant Donald Wayne Owens appeals his conviction for aggravated assault with a deadly weapon causing serious injury/family violence, for which he was sentenced to forty years in prison. Appellant brings one point of error arguing he did not waive his right to a jury trial in writing. We affirm.

### DISCUSSION

In his only point of error, appellant argues the judgment of conviction should be reversed and the case remanded for a new trial because appellant did not waive his constitutional right to a jury trial in writing.

Article 1.13 of the Texas Code of Criminal Procedure requires a defendant

who waives his right to a jury trial to do so in writing in open court with the consent and approval of the court and the State. TEX. CODE CRIM. PROC. art. 1.13(a). The trial court's judgment in this case recites that appellant "waived the right of trial by jury," but the record does not contain a written article 1.13 waiver. Failure to comply with article 1.13(a) is statutory error subject to a harm analysis under rule 44.2(b) of the Texas Rules of Appellate Procedure, which requires us to disregard error that does not affect a defendant's substantial rights. *Johnson v. State*, 72 S.W.3d 346, 348–49 (Tex. Crim. App. 2002) (citing TEX. R. APP. P. 44.2(b)); *Clark v. State*, 592 S.W.3d 919, 931–32 (Tex. App.—Texarkana 2019, pet. ref'd); *Hinojosa v. State*, 555 S.W.3d 262, 266 (Tex. App.—Houston [1st Dist.] 2018, pet. ref'd); *see Gray v. State*, 159 S.W.3d 95, 97–98 (Tex. Crim. App. 2005).

To decide whether appellant was harmed by the failure to execute a written waiver, we determine whether he understood his right to trial by jury before his bench trial began. *Johnson*, 72 S.W.3d at 348–49; *Clark*, 592 S.W.3d at 932. In this case, the record shows appellant knew about his right to a jury trial and waived it. On February 10, 2020, approximately six months before the start of the bench trial on August 31, 2020, appellant filed a pro se "waiver of trial by jury" which stated in part that appellant "does hereby consent to the trial of said indictment by the court without a jury." In addition, prior to the start of trial, appellant's trial counsel addressed appellant's desire to proceed before the bench, as follows:

Q. And you have authorized me, and it was your initial desire, to do this by bench trial; is that correct?

A. Yes, sir.

Moreover, the judgment's recital that appellant waived his right to trial by jury is "binding in the absence of direct proof of [its] falsity." *Johnson*, 72 S.W.3d at 349 (quoting *Breazeale v. State*, 683 S.W.2d 446, 450 (Tex. Crim. App. 1984) (op. on reh'g)). "The very use of the term 'waive' presumes knowledge, because 'to waive a right one must do it knowingly—with knowledge of the relevant facts.'" *Id.* (quoting BLACK'S LAW DICTIONARY 1276 (7th ed. abridged 2000)). "In addition, 'waiver' is defined as 'the act of waiving or intentionally relinquishing or abandoning a known right, claim, or privilege.'" *Id.* (quoting WEBSTER'S INTERNATIONAL DICTIONARY 2570 (1966)). Where there is no allegation or suggestion from the record appellant did not know about his right to a jury trial, the judgment's recital is binding and shows that a defendant's substantial rights were not affected by the lack of a written jury trial waiver. *See id.*; *see also Clark*, 592 S.W.3d at 932. We therefore conclude appellant was not harmed by the lack of a written jury trial waiver.

We overrule appellant's issue and affirm the trial court's judgment.

201110f.u05
Do Not Publish
Tex. R. App. P. 47.2(b)

/Lana Myers//
LANA MYERS
JUSTICE

–3–



## Court of Appeals
## Fifth District of Texas at Dallas

### JUDGMENT

DONALD WAYNE OWENS,
Appellant

No. 05-20-01110-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the 397th Judicial
District Court, Grayson County,
Texas
Trial Court Cause No. 070234.
Opinion delivered by Justice Myers.
Justices Carlyle and Goldstein
participating.

Based on the Court's opinion of this date, the judgment of the trial court is

**AFFIRMED**.

Judgment entered this 30th day of June, 2022.