**Opinion filed June 30, 2016**



In The

# Eleventh Court of Appeals

_____

## No. 11-14-00198-CR

_____

## RONALD EDGAR LEE, JR., Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 104th District Court**

**Taylor County, Texas**

**Trial Court Cause No. 19309B**

## O P I N I O N

The jury convicted Ronald Edgar Lee, Jr. of continuous sexual abuse of a child and assessed his punishment at confinement for life. We affirm.

JNJ is the child victim in this case. Appellant was JNJ's stepfather. JNJ testified that, in June 2012, when the family lived in New Jersey, Appellant sexually abused her; he penetrated the nine-year-old's sexual organ with his sexual organ.

JNJ said that in October 2012, after the family had moved to Abilene, Appellant again sexually abused her in the same manner as he had in New Jersey. JNJ told her mother, April Gonzales, about the sexual abuse; April took JNJ to the hospital. A sexual assault nurse examiner examined JNJ and then called the police.

Detective Eric Vickers with the Abilene Police Department interviewed Appellant. Appellant originally admitted to Detective Vickers that he had sexually abused JNJ in Abilene, but he denied that he had sexually abused her in New Jersey or at any other time. At trial, Appellant claimed that he had never sexually abused JNJ and that he was under duress when he told Detective Vickers that he had sexually abused JNJ in Abilene. JNJ testified that Appellant had not committed any other acts of sexual abuse against her except for the one time in New Jersey and the one time in Abilene.

The evidence is more extensive than that to which we have referred. However, we have set forth only that evidence that is necessary for the resolution of the two issues raised by Appellant in this appeal.

In his first issue, Appellant urges that, because one of the two alleged acts of sexual abuse occurred in New Jersey, the evidence is insufficient to prove that Appellant committed two or more acts of sexual abuse in Taylor County as set forth in the indictment. In his second issue, Appellant maintains that, because the State of Texas did not have territorial jurisdiction over Appellant's acts in New Jersey, the evidence is insufficient to prove that, in New Jersey, he committed sexual assault or aggravated sexual assault as defined in the Texas Penal Code.

Appellant couches both of his issues in sufficiency of the evidence terms. When we review the sufficiency of the evidence to determine whether the State proved the elements of the offense beyond a reasonable doubt, we apply the *Jackson v. Virginia* standard. *Brooks v. State*, 323 S.W.3d 893, 895–96 (Tex. Crim. App. 2010) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). Under that

2

standard, we must consider all the evidence in the light most favorable to the verdict and, in doing so, determine whether a rational justification exists for the jury's finding of guilt beyond a reasonable doubt. *Id.* The trier of fact is the sole judge of the weight and credibility of witness testimony; therefore, on appeal, we must give deference to the factfinder's determinations. *Id.* If the record contains conflicting inferences, we must presume that the factfinder resolved such facts in favor of the verdict and defer to that resolution. *Id.*

We want to be clear about the offense with which the State charged Appellant: continuous sexual abuse of a child under Section 21.02 of the Texas Penal Code. TEX. PENAL CODE ANN. § 21.02 (West Supp. 2015). The Texas Penal Code provides, in relevant part, that a person seventeen years of age or older commits an offense if, during a period that is thirty or more days in duration, the person commits two or more acts of sexual abuse against a child or children younger than fourteen years of age. *Id.* § 21.02(b). The term "sexual abuse" is defined in Section 21.02 to include aggravated sexual assault under Section 22.021 of the Texas Penal Code. *Id.* § 21.02(c)(3), (4).

> In count one of the indictment in this case, the grand jury charged:
>
> [T]hat on or about the 31st day of October, 2012 and anterior to the presentment of this indictment, in the County and State aforesaid, RONALD EDGAR LEE, JR. did then and there during a period that was thirty (30) days or more in duration, to-wit: from on or about June 1, 2007 through October 31, 2012, when the said RONALD EDGAR LEE, JR. was seventeen (17) years of age or older, commit two or more acts of sexual abuse against [JNJ], a child younger than fourteen (14) years of age, namely Aggravated Sexual Assault by causing penetration of the female sexual organ of the said [JNJ] with RONALD EDGAR LEE, JR.'s male sexual organ, and/or
>
> Aggravated Sexual Assault by causing penetration of the female sexual organ of the said [JNJ] with RONALD EDGAR LEE, JR.'s finger.

3

The State did not, in count one, charge Appellant with separate criminal offenses of aggravated sexual assault—one offense in Texas and another New Jersey—it charged him with a completely different offense under a completely different provision of the penal code: continuous sexual abuse of a child. *Kennedy v. State*, 385 S.W.3d 729, 732 (Tex. App.—Amarillo 2012, pet. ref'd).

We will first discuss Appellant's second issue. Texas has jurisdiction over, among other things not relevant here, "an offense that a person commits by his own conduct or the conduct of another for which he is criminally responsible if . . . either the conduct or a result that is an element of the offense occurs inside this state." PENAL § 1.04(a)(1) (West 2011).

Texas has territorial jurisdiction over an offense if any part of the actus reus, or prohibited conduct, of the offense occurs within the State of Texas. *See Bayless v. State*, No. 05-99-01978-CR, 2003 WL 21006915, at *1 (Tex. App.—Dallas May 6, 2003, no pet.). The prohibited conduct under Section 21.02 of the Texas Penal Code is the commission of two or more acts of sexual abuse over a specified time. Contrary to Appellant's assertion that aggravated sexual assault cannot be a violation of Texas law when committed in New Jersey, Texas does have jurisdiction if a part of the prohibited conduct element of continuous sexual abuse occurs in Texas.

The elements of the offense of continuous sexual abuse are as follows: during a period that is thirty or more days in duration, a person who is seventeen years of age or older commits two or more acts of sexual abuse against a child or children younger than fourteen years of age. The way in which a person commits the individual acts of sexual abuse is not an element of the offense—it is the manner and means by which the distinct offense of continuous sexual abuse is committed. *Render v. State*, 316 S.W.3d 846, 857 (Tex. App.—Dallas 2010, pet. ref'd). The series of acts that constitute the "pattern of behavior" are evidentiary only. *Jacobsen v. State*, 325 S.W.3d 733, 737 (Tex. App.—Austin 2010, no pet.). Here,

4

the manner and means of committing continuous sexual abuse were the acts of aggravated sexual assault. The State of Texas did not charge Appellant with separate offenses of aggravated sexual assault—one in Texas and one in New Jersey; it charged him with one offense: the offense of continuous sexual abuse of a child.

The conduct element of the offense of continuous sexual abuse of a child is the commission of two or more acts of sexual abuse against JNJ. A part of that conduct element—one of the instances of sexual abuse—occurred within the State of Texas. Therefore, because a part of the conduct element occurred in Texas, Texas had territorial jurisdiction over the offense of continuous sexual abuse in this case. Because Appellant bases his second issue upon the faulty premise that Texas did not have jurisdiction, we overrule it.

In his first issue on appeal, Appellant claims that the evidence was insufficient to prove that two or more acts of sexual abuse occurred in Taylor County as alleged in the indictment. He maintains that the State must prove every element of the offense beyond a reasonable doubt. He is correct as to the essential elements of an offense. Essential elements are as defined in a hypothetically correct jury charge. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). However, the location or place where the sexual abuse was committed is not an element of the offense of continuous sexual abuse. *Meraz v. State*, 415 S.W.3d 502, 505 (Tex. App.—San Antonio 2013, pet. ref'd). The allegation is a venue allegation, and the State may always allege that the crime was committed in the county where the prosecution occurs. *Id.* at 506. Further, the Texas Code of Criminal Procedure provides, "Offenses committed wholly or in part outside this State, under circumstances that give this State jurisdiction to prosecute the offender, may be prosecuted in any county in which the offender is found or in any county in which an element of the offense occurs." TEX. CODE CRIM. PROC. ANN. art. 13.01 (West 2015). Appellant was arrested in Taylor County, and an act of sexual abuse occurred in Taylor County.

5

The State's only obligation is to prove, by a preponderance of the evidence, that the county of prosecution has venue. *Id.* Here, the evidence is sufficient to do that. We overrule Appellant's first issue on appeal.

We affirm the judgment of the trial court.


JIM R. WRIGHT

CHIEF JUSTICE


June 30, 2016

Publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.