**Ronald Edgar LEE, Jr., Appellant**

v.

**The STATE of Texas**

**NO. PD-0880-16**

Court of Criminal Appeals of Texas.

Delivered: October 4, 2017

Paul W. Hanneman, Attorney at Law, 1305 Lamar Street, Sweetwater, Texas 79556, for Appellant.

Britt Lindsey, Assistant District Attorney, 300 Oak Street, Suite 300, Abilene, Texas 79602, Stacey Soule, Austin, TX, for the State.

### OPINION

Keel, J., delivered the opinion of the Court in which Keller, P.J., and Hervey, Alcala, Richardson, Yeary, Newell, and Walker, JJ., joined.

A jury convicted Appellant of continuous sexual abuse of a child.[1] It assessed a life sentence. Appellant claimed on appeal that the evidence was insufficient to support his conviction. The Eastland Court of Appeals held the evidence was sufficient and affirmed the trial court. *Lee v. State*, 497 S.W.3d 591, 594 (Tex. App.—Eastland 2016). We granted Appellant's petition for discretionary review to determine if the court of appeals erred in holding that the

evidence was sufficient. We conclude that the lower court did err. We reform the judgment to reflect a conviction for the lesser-included offense of aggravated sexual assault of a child and remand for a new punishment hearing.

The evidence showed that Appellant committed aggravated sexual assault against his young stepdaughter exactly twice, once in New Jersey and once in Texas. The assaults were temporally separated by at least 30 days. The issue is whether the commission of an out-of-state aggravated sexual assault will support a conviction for continuous sexual abuse of a child. Because the statutory definition of "sexual abuse" requires acts that are violations of Texas law, we hold that an out-of-state act will not support such a conviction.

### Court of Appeals' Opinion

The court of appeals held that because Appellant was charged with continuous sexual abuse under Penal Code Section 21.02, and the conduct prohibited under the statute is the commission of two or more acts of sexual abuse over a specified time, Texas has jurisdiction if part of the prohibited conduct element occurred in Texas. *Lee*, 497 S.W.3d at 593-94. According to the court of appeals, the individual acts of aggravated sexual assault were the manner and means by which the offense of continuous sexual abuse of a child was committed. *Id.* at 594. The court of appeals said that the location where the sexual abuse was committed was not an element of the offense, so the State's only obli-

---

1. In terms relevant to this case, Texas Penal Code § 21.02 provides as follows: (b) A person commits an offense if:

 (1) during a period that is 30 or more days in duration, the person commits two or more acts of sexual abuse, regardless of whether the acts of sexual abuse are committed against one or more victims; and

 (2) at the time of the commission of each of the acts of sexual abuse, the actor is 17 years of age or older and the victim is a child younger than 14 years of age. (c) For purposes of this section, "act of sexual abuse" means any act that is a violation of one or more of the following penal laws ... (4) aggravated sexual assault under Section 22.021.

gation was to prove that the county of prosecution had venue. Because one act of sexual abuse occurred in Taylor County, the court of appeals said that the evidence was sufficient to prove venue. *Id.*

## Arguments of the Parties

Appellant argues that proof of two or more violations of Texas law is an essential element of the continuous-sexual-abuse offense, and because the first alleged act of abuse occurred in New Jersey, it was not a "violation" of Texas law. Appellant argues that territorial jurisdiction does not allow. conduct outside the state to retroactively become a violation of Texas law. Rather, the act has to be a violation of one of the enumerated Texas penal laws at the time it is committed for it to be one of the two or more violations that must be proven to sustain a conviction under Section 21.02. Because Texas does not have jurisdiction over events that occurred in New Jersey, Appellant argues that the aggravated sexual assault that occurred there was not a violation of Texas law, and the evidence was insufficient to show that he committed two or more violations of the Texas Penal Code as required by Section 21.02.

The State maintains that Appellant was not charged with aggravated sexual assault for the act in New Jersey. The State argues that continuous sexual abuse of a child is a single offense, not an aggregate of separate offenses, and aggravated sexual assault under section 22.021 is an element of that offense. The State says that under Penal Code section 1.04(a), Texas has jurisdiction over the case as long as one element of the offense occurred in Texas. Citing *Rodriguez v. State*, 146 S.W.3d 674 (Tex. Crim. App. 2004), the State says that, even when other Penal Code sections are enumerated as elements of an offense, territorial jurisdiction is established if an element occurs in Texas.

## Analysis

 The evidence must be sufficient to establish each element of the offense. *Jackson v. Virginia*, 443 U.S. 307, 318-19, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Ramsey v. State*, 473 S.W.3d 805, 808 (Tex. Crim. App. 2015). One element of continuous sexual abuse of a child is two or more violations of enumerated penal code sections. TEX. PENAL CODE § 21.02(b). Each predicate offense must be a violation of Texas law. TEX. PENAL CODE § 21.02(c).

Texas has jurisdiction over an offense if either a conduct element or a result element occurs inside the state. TEX. PENAL CODE § 1.04(a)(1). In *Rodriguez*, we upheld a capital murder conviction where the defendant kidnapped a man in Texas and murdered him in Mexico. The capital-murder statute at issue in *Rodriguez* applies to a person who commits murder "as defined under Section 19.02(b)(1)" in the course of committing another listed offense, including kidnapping. Because kidnapping was an element of the capital murder, and the kidnapping occurred in Texas, jurisdiction was established. We said, "the legislature's inclusion of the elements of § 19.02(b)(1) in the capital-murder statute by reference only was not intended to require that the murder be committed in Texas...." 146 S.W.3d at 677. In other words, a perpetrator can commit a murder "as defined under section 19.02(b)(1)" outside of Texas. But he cannot commit an act that "is a violation" of Texas law outside of Texas. Because "act of sexual abuse" requires an act that "is a violation" of Texas law, Appellant's act in New Jersey may not be considered one of the predicate offenses necessary for a conviction under Section 21.02. We agree that Texas had territorial jurisdiction of continuous sexual abuse of a child, but the evidence was insufficient to sustain a conviction because only one viola-

tion of Texas law was proven, and that was the aggravated sexual assault committed in Texas.

## Conclusion

When an appellate court finds the evidence insufficient to establish an element of the charged offense, but the jury necessarily found the defendant guilty of a lesser offense for which the evidence is sufficient, the appellate court must reform the judgment to reflect the lesser-included offense and remand for a new punishment hearing. *Thornton v. State*, 425 S.W.3d 289, 299-300 (Tex. Crim. App. 2014). In this instance, the jury necessarily found Appellant guilty of aggravated sexual assault, which is a lesser-included offense of continuous sexual abuse of a child as charged in this case. *See Soliz v. State*, 353 S.W.3d 850, 854 (Tex. Crim. App. 2011). Accordingly, we reform the judgment to reflect a conviction for aggravated sexual assault of a child and remand for a new punishment hearing.

Yeary, J., filed a concurring opinion in which Keller, P.J., joined.

Keasler, J., concurred.

Yeary, J., filed a concurring opinion in which Keller, P.J., joined.

The Court essentially holds that a defendant charged with the offense of Continuous Sexual Abuse of a Child under Section 21.02 of the Texas Penal Code cannot be convicted if he has committed only two instances of sexual abuse of a child (separated in time by at least 30 days) and one of those instances occurred in a different state. The reason given by the Court resides in the definition of "act of sexual abuse" contained in Section 21.02(c): "any

act that *is a violation* of one or more of the following penal laws[,]" followed by a list of offenses as defined by various other Texas Penal Code provisions. TEX. PENAL CODE § 21.02(c) (emphasis added). From this definition, the Court simply declares that, "[b]ecause 'act of sexual abuse' requires an act that 'is a violation' of Texas law, Appellant's act in New Jersey may not be considered one of the predicate offenses necessary for a conviction under Section 21.02." Majority Opinion at 5. I agree with this and join the Court's opinion.

It might be possible, I suppose, to read the statutory definition more expansively than the Court does today. We could read it to include a contingency: "any act that is a violation of one of the following penal laws, or that *would* be a violation of one of these penal laws if it were to be committed in this state." Some states have enacted enhancement provisions that expressly incorporate this contingency, allowing for greater punishment upon proof of prior convictions from other states for conduct that, *e.g.*, "if committed in this state would be" an offense. GA. CODE ANN. § 17-10-7(b)(2) (West 2015).[1] Certain provisions in Texas statutory law explicitly provide for the use of a prior offense from another state for the purpose of enhancing punishment or boosting the classification of a subsequent offense; the prior offense must be one that "was committed under the laws of" that other state and the penal provision from that state must "contain[ ] elements that are substantially similar to the elements of" a Texas offense. TEX. PENAL CODE §§ 12.42(c)(2)(B)(v), 12.42(c)(3)(B)(ii), 12.42(c)(4)(B), 12.42(g)(2).[2] There is no such language in Section 21.02(c).

---

1. *See also* NEV. REV. STAT. ANN. § 200.366(4)(b) (West 2015); ME. REV. STAT. ANN. tit. 17-A,

§ 1252, 4-B (2016); VT. STAT. ANN. tit. 13, § 3253(a)(4) (West 2017).

2. Some other states also have similar provi-

Should we read such a contingency into the statute in the absence of comparably explicit legislative language? Without addressing it directly, the Court seems to regard the lack of such explicit language as a definitive indication that out-of-state instances of sexual abuse of a child cannot serve to establish the "continuous" element of the instant offense. I am less sure that, by omitting the language of contingency, the statute necessarily dispenses with it. There may be some wiggle room in the statutory language—what does "is a violation of" mean?—that would justify resort to extratextual factors to resolve the ambiguity.[3] *See Boykin v. State*, 818 S.W.2d 782, 785-86 (Tex. Crim. App. 1991) (when statutory language is plain, the plain language controls, but when statutory language is ambiguous, courts may resort to extratextual indicia of legislative intent). But even if the statutory language is ambiguous, I have found no meaningful extratextual indicia of legislative intent to convince me that the Legislature meant to include out-of-state incidents of abuse within the parameters of the statute. If, by giving Appellant the benefit of the doubt under this state of affairs, we have misjudged the Legislature's intent, then the fix is easy enough: Add the language of

contingency that appears in other statutes in Texas, and in the statutes of other states, that plainly embraces the use of out-of-state offenses for various purposes, setting out the conditions under which they may be invoked. *See Prudholm v. State*, 333 S.W.3d 590, 599-600 (Tex. Crim. App. 2011) (construing what it means to say that an out-of-state offense contains "substantially similar elements" to those of a Texas penal provision for purposes of enhancement under Section 12.42(c)(2) of the Penal Code); *Crabtree v. State*, 389 S.W.3d 820, 825 (Tex. Crim. App. 2012) (observing that the Texas sex offender registration statute categorizes a conviction from another state as a "reportable conviction" when the offense as defined by that other state "contain[s] elements that are substantially similar to elements" of certain Texas offenses).

With these qualifying remarks, I join the Court's opinion.

---

sions in their sex offender registration statutes that recognize offenses from sister states so long as the underlying conduct, "if committed in this state, would constitute" an offense there. *E.g.*, WYO. STAT. ANN. § 7-19-301(a)(iv) (West 2017); IOWA CODE ANN. § 692A.101, 30(e) (West 2014); OHIO REV. CODE ANN. § 2950.99 (West 2011). Under our own sex offender registration statute, a "sexually violent offense" may include "an offense under the laws of another state ... if the offense contains elements that are substantially similar to the elements of an offense" under certain Texas Penal Code provisions. TEX. CODE CRIM. PROC. art. 62.001(5). Thus, while the standard in Texas is different, the legislative intent that *some* out-of-state convictions qualify is unmistakable.

3. Black's primarily defines "violation" to mean "[a]n infraction or breach of the law[.]" BLACK'S LAW DICTIONARY at 1800 (10th ed. 2014). Appellant argues that there can be no "violation" of any of the enumerated Texas laws for an act that occurs wholly beyond the territorial jurisdiction of Texas. *See* TEX. PENAL CODE § 1.04(a)(1) (Texas has jurisdiction over an offense when, among other things, "either the conduct or a result that is an element of the offense occurs inside this state"). Perhaps that position begs the question whether, to constitute a "violation" of Texas law for purposes of Section 21.02(c), an offense occurring wholly outside of Texas must nevertheless be actionable in Texas. Appellant does not deny that what he was accused of doing in New Jersey would have been a "violation" of Texas law had it occurred here.