**Opinion filed August 5, 2021**



## In The

# Eleventh Court of Appeals

_____

## No. 11-19-00252-CR

_____

## JAMES TONKOVICH, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 35th District Court**

**Brown County, Texas**

**Trial Court Cause No. CR26116**

## M E M O R A N D U M   O P I N I O N

The State charged Appellant, James Tonkovich, with the offense of continuous sexual abuse of a child. *See* TEX. PENAL CODE ANN. § 21.02 (West 2019). Appellant waived his right to a jury trial, and after a bench trial, the trial court found Appellant guilty of the lesser-included offense of aggravated sexual assault of a child and assessed his punishment at imprisonment in the Institutional Division of the Texas Department of Criminal Justice for thirty-five years. *See id.* § 22.021. In his sole issue on appeal, Appellant contends that the trial court erred when it admitted

extraneous-offense evidence for which the State allegedly did not provide notice. We affirm.

## I. *Factual Background*

The victim in this case is a female relative of Appellant; we will refer to her in this opinion as "C.T."  Because Appellant does not challenge the sufficiency of the evidence to support his conviction, we will limit our discussion of the facts to those that are necessary to the disposition of this appeal.

The indictment filed in this case alleged that Appellant had committed several acts of sexual abuse against C.T. in Brown County, Texas.  Prior to trial, the State filed its notice of intent to offer evidence of Appellant's prior convictions and other extraneous offenses.  The State's notice expressed its intent to offer evidence of Appellant's "entire criminal history, extraneous offenses, or prior bad acts, served via pretrial discovery, and/or otherwise available pursuant to open file policy of State's prosecutorial office."  The notice also listed Appellant's prior convictions from Utah and Montana and an instance in which he received deferred adjudication for an offense that had been committed in Montana.

At trial, the State proffered testimony from C.T. about instances in which Appellant had sexually abused C.T. before they had resided in Brown County.  These prior instances of sexual abuse occurred in Montana, New Mexico, and Colorado.  Appellant's trial counsel objected to the admission of this evidence and argued that the State had not provided notice of its intention to offer these extraneous offenses at trial and that, based on the indictment and the State's notice of intent to offer extraneous-offense evidence, "none of this information [was] out there."  The State asserted that this extraneous-offense evidence was admissible as same-transaction contextual evidence; therefore, notice was not required.  The trial court admitted the evidence but granted Appellant a running objection to the State's proffer of any

extraneous offense that had transpired outside of Brown County during the times alleged in the indictment.

After hearing C.T.'s testimony, the trial court ruled that the prior instances of claimed sexual abuse that had occurred in Montana, New Mexico, and Colorado constituted same-transaction contextual evidence because the evidence was "essentially part and parcel" of the predicate offenses that were necessary to establish the charged offense of continuous sexual abuse in Texas. Although the trial court ultimately found that the State failed to prove the elements of continuous sexual abuse for the time that had allegedly occurred within Texas, it did find that the lesser-included offense of aggravated sexual assault of a child had been proven beyond a reasonable doubt.

Appellant's sole issue provides that the trial court abused its discretion when it admitted and considered the proffered extraneous-offense evidence, for which no notice had been given by the State to Appellant or his trial counsel, because the disputed evidence did not constitute same-transaction contextual evidence.

## II. *Standard of Review*

We review a trial court's decision to admit or exclude extraneous-offense evidence under an abuse of discretion standard. *De La Paz v. State*, 279 S.W.3d 336, 343 (Tex. Crim. App. 2009). We will not reverse a trial court's decision to admit evidence, and the trial court does not abuse its discretion, unless its decision lies outside the zone of reasonable disagreement. *Beham v. State*, 559 S.W.3d 474, 478 (Tex. Crim. App. 2018); *Taylor v. State*, 268 S.W.3d 571, 579 (Tex. Crim. App. 2008). Furthermore, we will not disturb a trial court's evidentiary ruling, even if the trial court's reasoning was flawed, if it is correct on any theory of law that reasonably finds support in the record and is applicable to that ruling. *Henley v. State*, 493 S.W.3d 77, 93 (Tex. Crim. App. 2016); *De La Paz*, 279 S.W.3d at 344.

III. *Analysis*

Rule 404(b) of the Texas Rules of Evidence provides that evidence of another crime, wrong, or act committed by a person "is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." TEX. R. EVID. 404(b)(1). However, extraneous-offense evidence may be admissible for another purpose—"such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident"—or it may be admissible as same-transaction contextual evidence. TEX. R. EVID. 404(b)(2); *see Devoe v. State*, 354 S.W.3d 457, 469 (Tex. Crim. App. 2011). In a criminal case, upon a timely request from the defendant, the State must provide reasonable notice before trial of its intent to offer extraneous-offense evidence—"other than that arising in the same transaction"—as part of its case-in-chief. TEX. R. EVID. 404(b)(2).

In this case, Appellant contends that C.T.'s testimony concerning Appellant's prior acts of sexual abuse against her did not constitute same-transaction contextual evidence for which the State was exempt from the notice requirement under Rule 404(b). The State maintains, and the trial court agreed, that the evidence of Appellant's ongoing pattern of sexual abuse against C.T. was necessary for the trial court to fully understand the facts and circumstances of the charged offense of continuous sexual abuse of a child.

Other crimes, wrongs, or acts are considered to be same-transaction contextual evidence when several crimes are so intermixed or connected with one another that they form an indivisible criminal transaction, and "full proof by testimony . . . of any one of them cannot be given without showing the others." *Devoe*, 354 S.W.3d at 469 (quoting *Wyatt v. State*, 23 S.W.3d 18, 25 (Tex. Crim. App. 2000)). Here, based on the record before us, we cannot conclude that the evidence offered by the State, and admitted by the trial court, concerning Appellant's history

of sexual abuse against C.T. constituted same-transaction contextual evidence for the charged offense.

Appellant was charged by indictment with having committed the offense of continuous sexual abuse of C.T. in Brown County. *See* PENAL § 21.02. Thus, evidence that Appellant had committed prior acts of sexual abuse against C.T. in Montana, New Mexico, and Colorado could not be used or relied upon by the State to support a conviction for this offense under Section 21.02. *See Lee v. State*, 537 S.W.3d 924, 926–27 (Tex. Crim. App. 2017) (holding that defendant's act of sexual abuse that occurred in another state could not be considered as a predicate offense in Texas for a conviction for continuous sexual abuse). Although its inability to support a conviction as a predicate offense does not preclude the admission of extraneous-offense evidence as same-transaction contextual evidence, full proof by C.T.'s testimony about the instances of sexual abuse that Appellant had committed against her in Texas could be given without the offer of evidence of the other, prior instances of sexual abuse that had occurred outside the territorial jurisdiction of Texas. *See* TEX. CODE CRIM. PROC. ANN. art. 38.07(a)–(b)(1) (West Supp. 2020).

Nevertheless, based on the record before us, we hold that the State fulfilled its notice obligation to Appellant for its use of the challenged extraneous-offense evidence. Generally, the State's "mere opening of its file containing an offense report detailing extraneous evidence" does not satisfy Rule 404(b)'s requirement that the State provide notice "of intent to introduce" such evidence. *Buchanan v. State*, 911 S.W.2d 11, 15 (Tex. Crim. App. 1995); *see* TEX. R. EVID. 404(b)(2); *see also McDonald v. State*, 179 S.W.3d 571, 576 (Tex. Crim. App. 2005). Under certain circumstances, however, witness statements that are produced shortly after a defendant submits a timely request for notice that describe uncharged misconduct can constitute reasonable notice under Rule 404(b). *Hayden v. State*, 66 S.W.3d 269, 272 (Tex. Crim. App. 2001) (holding that notice was sufficient where the defendant

did not dispute actual notice of the uncharged misconduct through the produced witness statements). *But see McDonald*, 179 S.W.3d at 577 (holding that witness statement did not constitute reasonable notice where the State had submitted documents that purported to consist of its notice of intent, upon which the defendant was entitled to rely, and the defendant disputed actual notice of an act of uncharged misconduct not contained in the State's notice).

Here, the State's filed notice expressly informed Appellant of "its intent to offer" evidence of Appellant's "entire criminal history, extraneous offenses, or prior bad acts" that were served during discovery or contained in the State's file, to which Appellant's trial counsel had access. Among the documents produced by the State to Appellant's trial counsel in discovery were the offense report prepared by the Brown County Sheriff's Office, the offense report prepared by the Sitka Police Department, and the forensic interview of C.T. taken by the Sitka Police Department. The record shows that C.T.'s chronological account of Appellant's history of sexual abuse—which began in Billings, Montana, and ended in Brownwood, Texas—that she testified to at trial was contained in these documents. Appellant's trial counsel thoroughly cross-examined C.T. at trial regarding the terminology that she used during her forensic interview with respect to her account of an instance of abuse that had occurred in New Mexico. Therefore, because these acts of uncharged misconduct were detailed within the produced discovery documents and C.T.'s statements and were part of her chronological narrative of the sexual abuse leading up to and including the predicate instances for the charged offense in Brown County, we hold that the State's filed notice sufficiently apprised Appellant and his trial counsel of the State's intention to offer as evidence at trial these prior acts of sexual abuse.

Furthermore, we note that the notice requirement serves to avoid unfair surprise to the defendant by enabling him to prepare to address the extraneous-

6

offense evidence that is offered. *Hernandez v. State*, 176 S.W.3d 821, 825 (Tex. Crim. App. 2005) (citing *Roethel v. State*, 80 S.W.3d 276, 282 (Tex. App.—Austin 2002)). Based on the record before us, we cannot say that Appellant suffered any unfair surprise by the introduction of this evidence at trial. Accordingly, we overrule Appellant's sole issue on appeal.

IV. *This Court's Ruling*

We affirm the judgment of the trial court.

W. STACY TROTTER

JUSTICE

August 5, 2021

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.