

# IN THE
# TENTH COURT OF APPEALS

### No. 10-19-00196-CR

**IJAH IWASEY BALTIMORE,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 54th District Court
### McLennan County, Texas
### Trial Court No. 2017-449-C2

## MEMORANDUM OPINION

Ijah Baltimore was convicted of unlawful carrying of a weapon in November 2016.[1]  Tex. Penal Code Ann. § 46.02.  His offense was enhanced from a Class A misdemeanor to a third-degree felony because the jury found that he committed the offense on the premises of an establishment licensed to sell alcoholic beverages.  *Id*. § 46.02(c).  On original submission to this Court, Baltimore argued on appeal that the evidence was insufficient to show that he was on the premises of an establishment

---

[1] Since the time of the offense, Section 46.02 has since been significantly amended. Act of May 27, 2021, 87th Leg., R.S., ch. 809, § 22, 2021 Tex. Sess. Law Serv. 1962, 1974.

licensed to sell alcohol, but this Court found that the evidence was sufficient and affirmed his conviction.  *Baltimore v. State*, 608 S.W.3d 864 (Tex. App.—Waco 2020) (*reversed by Baltimore v. State*, 631 S.W.3d 727 (Tex. Crim. App. 2021) (*Baltimore II*)).

The Court of Criminal Appeals vacated this Court's judgment and remanded the proceeding to this Court for us to reconsider the sufficiency of the evidence in light of the Court of Criminal Appeals's decision in *Curlee v. State*, 620 S.W.3d 767 (Tex. Crim. App. 2021).  *Baltimore II*, 631 S.W.3d at 728.  The Court of Criminal Appeals held in *Curlee* that an officer's opinion regarding whether a playground was open to the public "was a factually unsupported inference or presumption" "[a]bsent the bases upon which [his] opinion was formed . . . ."  *Curlee*, 620 S.W.3d at 785.  The Court of Criminal Appeals ordered this Court to consider whether the reasoning of the Court of Criminal Appeals in *Curlee* would apply to the testimony about whether Baltimore was on "premises" licensed to sell alcoholic beverages.  *Baltimore II*, 631 S.W.3d at 728.

In its opinion, the Court of Criminal Appeals expressed the standard of review for sufficiency of the evidence as follows:

> In assessing the sufficiency of the evidence to support a criminal conviction, reviewing courts "consider all the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, a rational juror could have found the essential elements of the crime beyond a reasonable doubt."  *Alfaro-Jimenez v. State*, 577 S.W.3d 240, 243-44 (Tex. Crim. App. 2019) (*quoting Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007)); *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979).  The evidence must be sufficient to establish each element of the offense.  *Lee v. State*, 537 S.W.3d 924, 926 (Tex. Crim. App. 2017).

The sufficiency of the evidence is measured by comparing the evidence

produced at trial to "the essential elements of the offense as defined by the hypothetically correct jury charge." *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). A hypothetically correct jury charge "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id*. The law "authorized by the indictment" consists of the statutory elements of the offense as modified by the indictment allegations. *Curry v. State*, 30 S.W.3d 394, 404 (Tex. Crim. App. 2000).

*Curlee*, 620 S.W.3d at 778.

## UNLAWFULLY CARRYING A WEAPON

The relevant portion of Penal Code Section 46.02 in effect at the time of the charged offense states:

(a) A person commits an offense if the person intentionally, knowingly, or recklessly carries on or about his or her person a handgun, illegal knife, or club if the person is not:

(1) on the person's own premises or premises under the person's control; or

(2) inside of or directly en route to a motor vehicle or watercraft that is owned by the person or under the person's control.

. . . .

(c) An offense under this section is a felony of the third degree if the offense is committed on any premises licensed or issued a permit by this state for the sale of alcoholic beverages.

TEX. PENAL CODE ANN. § 46.02(a)(1), (2), & (c). Although "premises" is defined in Section 46.02(a-2), the jury charge included the definition of "premises" found in the Alcoholic Beverage Code as follows:

"Premises" means the grounds and all buildings, vehicles, and appurtenances pertaining to the grounds, including any adjacent premises

if they are directly or indirectly under the control of the same person.

TEX. ALCO. BEV. CODE ANN. § 11.49(a).

The State argues that the evidence in this proceeding is distinguishable from *Curlee* in that, in *Curlee*, there was only one officer who testified that a playground at a church was "open to the public," which was an element of the offense. The only other evidence of whether the playground was "open to the public" in *Curlee* was that the officer had conversations with the church's pastor about whether or not it was open to the public. In this proceeding, the State contends that there were multiple witnesses, both officers and witnesses to the offense, who testified that the unlawful possession of the weapon occurred in the parking lot of a bar called "Crying Shame" and that more than one officer testified that Crying Shame was licensed to sell alcoholic beverages.

Our review of the record shows that those witnesses each answered in the affirmative when the State asked them if the parking lot was the parking lot of Crying Shame, and that Crying Shame was licensed to sell alcoholic beverages. However, like the evidence in *Curlee*, there was no basis given for any of the witnesses' opinion as to the parking lot being part of the premises of Crying Shame. There was no testimony from an owner, employee of Crying Shame, or any other person who was familiar with what constituted the premises or whether the parking lot was directly or indirectly under the control of Crying Shame, there was no evidence as to what premises were actually listed in Crying Shame's permit, nor was there any other evidence as to why the witnesses believed that the parking lot was part of the premises of Crying Shame. Because of this,

the opinions given by the witnesses, whether by one witness as in *Curlee*, or by the multiple witnesses in this proceeding, led to a "factually unsupported inference or presumption" "[a]bsent the bases upon which [their] opinion was formed . . . ." *Curlee*, 620 S.W.3d at 785. The Court of Criminal Appeals went on to state in *Curlee* that:

> "[J]uries are not permitted to come to conclusions based on 'mere speculation or factually unsupported inferences or presumptions.'" *Braughton v. State*, 569 S.W.3d 592, 608 (Tex. Crim. App. 2018) (*quoting Hooper*, 214 S.W.3d at 15).

*Curlee*, 620 S.W.3d at 785.

Analyzing the evidence in this proceeding pursuant to *Curlee* as mandated by the Court of Criminal Appeals, we find that the evidence was insufficient for a reasonable juror to have found beyond a reasonable doubt that Baltimore committed the offense on "premises licensed or issued a permit by this state for the sale of alcoholic beverages" pursuant to Section 46.02(c) of the Penal Code.[2] Baltimore's sole issue is sustained.

**CONCLUSION**

Having found that the evidence was insufficient to support the jury's finding that the offense was committed "on premises licensed or issued a permit by this state for the sale of alcoholic beverages" pursuant to Section 46.02(c) of the Penal Code, we reverse the judgment of conviction, find that Baltimore is guilty of the lesser-included Class A misdemeanor offense of unlawfully carrying a weapon, and remand this proceeding for

---

[2] The State Prosecuting Attorney's amicus brief in this proceeding disagrees with the Court of Criminal Appeals's analysis in *Curlee* and argues that this Court should "ignore" *Curlee*. However, since this proceeding was remanded back to this Court for the express purpose of evaluating it using the analysis in *Curlee*, we do not believe that we are in a position to simply "ignore" the decision we were ordered to consider, even if we agreed with many of the arguments made by the SPA.

a new trial as to punishment only.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
        Justice Smith, and
        Justice Wright[3]
Reversed and remanded
Opinion delivered and filed July 27, 2022
Do not publish
[CR25]



---

[3] The Honorable Jim R. Wright, Senior Chief Justice (Retired) of the Eleventh Court of Appeals, sitting by assignment of the Chief Justice of the Texas Supreme Court. *See* TEX. GOV'T CODE §§ 74.003, 75.002, 75.003.
.