**Affirm and Opinion Filed December 13, 2023**



In The
# Court of Appeals
## Fifth District of Texas at Dallas

No. 05-22-00626-CR
No. 05-22-00627-CR

**JUAN PABLO ESPINALCRUZ, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 1**
**Dallas County, Texas**
**Trial Court Cause No. F-2122246-H**

## MEMORANDUM OPINION

Before Justices Pedersen, III, Garcia, and Kennedy
Opinion by Justice Pedersen, III

A jury convicted appellant Juan Pablo EspinalCruz of two charged offenses:

(1) continuous sexual abuse of a child younger than fourteen years of age, for which

his punishment was assessed at twenty-five years' confinement in the Institutional

Division of the Texas Department of Criminal Justice (TDCJ); and (2) aggravated

sexual abuse of a second child younger than fourteen years of age, for which his

punishment was assessed at five years' confinement in the Institutional Division of

the TDCJ. EspinalCruz raises five issues on appeal, challenging the sufficiency of

the evidence supporting his conviction, the court's jury charge, and testimony concerning a complaining witness's credibility. We affirm.

## Background

G.E. is appellant's daughter; she was born in 2007 in Honduras. M.D. was also born in Honduras in 2007; her mother is S.M-L. In 2010, S.M-L. and appellant began seeing each other, and late in that year, S.M-L. and M.D. moved in with appellant and G.E. The family lived in Honduras until February 2019, when they moved together to the United States.[1] They lived first in a one-bedroom apartment, and then a two-bedroom apartment, in Dallas County.

G.E. testified at trial that when they moved into the two-bedroom apartment, her relationship with her father changed. She described incidents when he digitally penetrated her vagina, purportedly to "check out" her status as a virgin and subsequently for what he told her was a health concern he had discovered in his initial penetration. Those incidents occurred around the time G.E. began remote learning because of the Covid pandemic, i.e., around March 2020. G.E. then described how, approximately one week after the digital penetration occurred, appellant began penetrating her with his penis. She testified that the penile penetration occurred "many times," more than ten times and, she believed, even more than fifty times. She stated that "sometimes he would check me out every other

---

[1] During this time appellant spent a period of time in the United States; he returned to Honduras in 2018.

day, and sometimes maybe once a week." The behavior continued up until December 2020, when G.E. made an outcry to one of her middle school teachers.

Shortly after G.E.'s outcry, in January 2021, M.D. told S.M.-L. that appellant had assaulted her as well. M.D. testified at trial that appellant began abusing her, including penetrating her sexual organ with his penis, when she was ten years old and the family lived in Honduras. She stated that when they moved to Texas and lived first in the one-bedroom apartment and later in the two-bedroom apartment, the penile penetration continued. She estimated it occurred thirty times before October 2020.

Appellant testified at trial. He denied all of the abusive conduct described by G.E. and M.D.

The jury found appellant guilty of continuous sexual abuse of G.E. and of aggravated sexual abuse of M.D. He was sentenced to terms of twenty-five and five years' confinement respectively, to run concurrently. This appeal followed.

## Discussion

Appellant raises five issues for our review.

### Sufficiency of the Evidence

In his third issue, appellant contends that the evidence is legally insufficient to sustain his conviction for continuous sexual abuse of a child.[2] We review

---

[2] We address this issue first because, if sustained, it could support acquittal of appellant rather than mere remand of his case for a new trial.

appellant's challenge by examining the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of this offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

Appellant's specific complaint is a narrow one: he asserts that "[b]oth complainants testified to multiple events of sexual abuse occurring both in Honduras and Texas." Based on this premise, he argues that "[i]t cannot be determined from the record that the jury considered only the Texas offenses in determining guilt." And, he contends, evidence of an act outside of Texas cannot support a conviction for continuous sexual abuse of a child.

Appellant was charged under section 21.02 of the Texas Penal Code, which provides in relevant part:

A person commits an offense if:

(1) during a period that is 30 or more days in duration, the person commits two or more acts of sexual abuse, regardless of whether the acts of sexual abuse are committed against one or more victims; and

(2) at the time of the commission of each of the acts of sexual abuse, the actor is 17 years of age or older and the victim is:

(A) a child younger than 14 years of age, regardless of whether the actor knows the age of the victim at the time of the offense.

TEX. PENAL CODE ANN. § 21.02(b). The Code defines "acts of sexual abuse" for purposes of this offense as any act that is a violation of one or more of eight listed criminal offenses. *Id.* § 21.02(c). Appellant's indictment in this case identified the

requisite acts of sexual abuse as "the contact of the complainant's female sexual organ by the Defendant's sexual organ," which under the circumstances of this case could fall under at least three of the listed offenses. *See* PENAL §§ 21.11(a)(1) (indecency with a child), 22.011 (sexual assault), 22.021 (aggravated sexual assault).

We agree with appellant's legal argument that section 21.02(c)'s definition of acts of sexual abuse requires acts that are violations of Texas law and that an out-of-state act will not support such a conviction. *See Lee v. State*, 537 S.W.3d 924, 925 (Tex. Crim. App. 2017). According to the Texas Court of Criminal Appeals, a defendant "cannot commit an act that 'is a violation' of Texas law outside of Texas." *Id.* at 926. Accordingly appellant could not be convicted of continuous sexual abuse of G.E. based on evidence of his conduct in Honduras.

However, we disagree with appellant's factual premise on this issue. Our review of the record does not support appellant's statement that "[b]oth complainants testified to multiple events of sexual abuse occurring both in Honduras and Texas." M.D. did testify to that effect, but G.E. did not. It is undisputed that G.E. first came to the United States in February 2019. She testified that her father's sexually abusive conduct began around the time the Covid pandemic began, in the spring of 2020—more than a year after the family left Honduras—and lasted until December of that year.

It is apparent from the record that the acts of abuse on which appellant's conviction for continuous sexual abuse of G.E. rests occurred in 2020 in Texas.

–5–

Appellant does not challenge the sufficiency of evidence supporting any other element of that offense. Based on G.E.'s testimony, a rational juror could have concluded beyond a reasonable doubt that appellant did commit that offense. *See Jackson*, 443 U.S. at 319.

We conclude the evidence supporting appellant's conviction for continuous sexual abuse of G.E. was sufficient. We overrule his third issue.

*Jury Charge Error*

In his first, second, and fourth issues, appellant contends that the trial court committed errors in formulating the jury charge. When an appellant challenges the court's jury charge, our first question is whether the charge actually contained error. *Price v. State*, 457 S.W.3d 437, 440 (Tex. Crim. App. 2015) (citing *Almanza v. State,* 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g)). If it did, we analyze the harm resulting from the error. *Id.* When the error has been preserved by objection, any error that is not harmless will constitute reversible error. *Id.* If no objection was made to the error, then we cannot reverse the conviction without a showing of egregious harm. *Id.* Egregious harm is harm that deprives a defendant of a "fair and impartial trial." *Id.* Appellant did not object to any of the matters addressed herein.

1.     Definition of Predicate Sexual Abuse Acts

In his first issue, appellant argues that the jury charge expanded the definition of predicate sexual abuse acts for continuous sexual abuse of a child to include sex

abuse by contact with the child's breast, which is not a predicate act according to the statute. As we discussed above, the statute defines an "act of sexual abuse" by reference to a list of eight criminal offenses. PENAL § 21.02(c). Certain offenses on that list are qualified in their application. One such qualified offense is section 21.11(a)(1), indecency with a child, which can be an act of sexual abuse sufficient to support a charge of continuous sexual abuse of a child "if the actor committed the offense in a manner *other than* by touching, including touching through clothing, the breast of a child." *Id.* § 21.02(c)(2) (emphasis added).[3]

Appellant's charge defined the offense of continuous sexual abuse of a child under the heading "Applicable Law." In that definition, the court explained that a person commits the offense:

> if, during a period that is 30 or more days in duration, he commits two or more acts of sexual abuse, and at the time of the commission of each

---

[3] Pursuant to the Penal Code, a person commits indecency with a child:

> if, with a child younger than 17 years of age, whether the child is of the same or opposite sex and regardless of whether the person knows the age of the child at the time of the offense, the person:
>
> (1) engages in sexual contact with the child or causes the child to engage in sexual contact.

PENAL § 21.11(a). "Sexual contact" in this context:

> means the following acts, if committed with the intent to arouse or gratify the sexual desire of any person:
>
> (1) any touching by a person, including touching through clothing, of the anus, breast, or any part of the genitals of a child.

*Id.* § 21.11(c). Thus, a person can commit the offense of indecency with a child by touching the breast of a child. But that conduct does not qualify as a predicate act for continuous sexual abuse of a child. *Id.* § 21.02(c)(2).

of the acts of sexual abuse, regardless of whether the acts of sexual abuse are committed against one or more victims, and at the time of the commission of each of the acts of sexual abuse, the defendant is 17 years of age or older, and the victim is a child younger than 14 years of age, regardless of whether he knows the age of the victim at the time of the offense.

Then, under the heading "Definitions," the court gave the following definitions:

[1] "Act of sexual abuse" means any act that constitutes sexual assault of a child, aggravated sexual assault of a child, or indecency with a child *by contact other than contact with the breast of a child.* [Emphasis added.]

[2] "Sexual contact" means any touching by a person, including touching through clothing, of the anus, breast, or any part of the genitals of a child, or any touching of any part of the body of a child, including touching through clothing, with the anus, breast, or any part of the genitals of a person, if committed with the intent to arouse or gratify the sexual desire of any person.

Appellant's complaint is with the second of these definitions, which correctly states the unqualified definition of "Sexual Contact," including touching of the child's breast. However, the first definition is clearly the controlling one in this case. "Act of sexual abuse" is the operative phrase in the definition of the offense of continuous abuse of a child; these acts are the predicate acts with which a defendant can be charged. In this case, the charge correctly defines act of sexual abuse to include the three criminal statutes relevant to this case with the qualification called for by section 21.02(c)(2)—it specifically excludes touching the child's breast from the offense of indecency with a child, just as that section requires. We discern no error in these definitions:  the first correctly and specifically identifies the predicate acts with

which a defendant could be charged in this case, and it limits the second general definition of sexual contact by qualifying or excluding the act of touching the child's breast.

Our conclusion is supported by the record and by the remainder of the jury charge. Our review of the record identified no testimony by G.E. suggesting that appellant ever touched her breast. And the application paragraph of the jury charge states that appellant did, within the statutory time period, commit two or more acts of sexual abuse against G.E., "namely by the contact of the complainant's female sexual organ by the Defendant's sexual organ," We see no possible basis for confusion by jurors in applying the court's charge to the testimony they heard from G.E.

The trial court did not erroneously expand the definition of a predicate act in this case. We overrule appellant's first issue.

2.     Limiting Instruction Regarding Section 21.02(c)(2)

In his second issue, appellant argues that the trial court erred by failing to give a limiting instruction in the charge providing that sexual abuse by breast contact would not constitute a predicate act for continuous abuse of a child. Appellant did not ask for such an instruction. But again, we discern no error in the court's charge on this point. The trial court correctly defined the acts of abuse that could constitute predicate acts in this case, stating specifically the qualification that the act could be

indecency with a child "*by contact other than contact with the breast of a child.*" PENAL § 21.02(c)(2). The instruction appellant seeks would have been superfluous.

The trial court did not err by including the section 21.02(c)(2) qualification in a definition rather than an instruction. We overrule appellant's second issue.

### 3. Confining Predicate Acts to Acts in Texas

In his fourth issue, appellant complains that the trial court erred in failing to give a limiting instruction confining the jury's consideration of "predicate acts" to those occurring in Texas. Again, appellant did not request such an instruction.

We agreed with appellant above that section 21.02(c)'s definition of acts of sexual abuse—i.e., the predicate acts for continuous sexual abuse of a child— requires acts that are violations of Texas law and that an out-of-state act will not support such a conviction. *See Lee*, 537 S.W.3d at 925. However we explained that G.E. never testified to acts of abuse that took place anywhere but Texas. Accordingly, this issue cannot identify error in G.E's charge.

Appellant was not charged with continuous sexual abuse of M.D. He was indicted in her case for aggravated sexual assault of a child, and the jury was asked only if he was guilty of that offense. Thus, the jury charge in M.D.'s case did not involve a "predicate act" as appellant references that term in this issue.

Moreover, if appellant intended this issue to refer to the jury's possible consideration of acts outside of Texas when determining his guilt of aggravated sexual assault of M.D., we conclude that the jury charge properly limited that

consideration. The first sentence of the trial court's charge states the charge against appellant is "alleged to have been committed on or about the September 15th, 2020 *in Dallas County, Texas.*" (Emphasis added.) And the application paragraph states:

> Now, bearing in mind the foregoing instructions, if you unanimously find from the evidence beyond a reasonable doubt that the defendant, Juan Pablo EspinalCruz, on or about the 15th day of September 2020, *in the County of Dallas and State of Texas*, did then and there intentionally or knowingly cause the contact of the female sexual organ of M. D., a child, by the sexual organ of defendant, and at the time of the offense, the child was younger than 14 years of age, then you will find the defendant GUILTY of the offense of Aggravated Sexual Assault of a Child, as charged in the indictment. (Emphasis added.)

The jury's consideration in M.D.'s case was specifically limited to acts committed by appellant in Dallas County, Texas.

The trial court's failure to repeat that limitation in an instruction was not error. We overrule appellant's fourth issue.

*Testimony on Truthfulness of Complaining Witness*

In his fifth issue, appellant complains that the trial court reversibly erred by allowing testimony as to the truthfulness of one of the complaining witnesses. "Direct opinion testimony about the truthfulness of another witness is inadmissible as 'it does more than assist the trier of fact to understand the evidence or to determine a fact in issue; it decides an issue for the jury.'" *White v. State*, No. 05-21-00901-CR, 2022 WL 2763357, at *2 (Tex. App.—Dallas July 15, 2022, no pet.) (mem. op., not designated for publication) (quoting *Yount v. State*, 872 S.W.2d 706, 709 (Tex. Crim. App. 1993)). We review a trial court's evidentiary ruling for an abuse of

–11–

discretion and will reverse only when the court's decision was so clearly wrong as to lie outside the zone of reasonable disagreement. *Casey v. State*, 215 S.W.3d 870, 879 (Tex. Crim. App. 2007).

During S.M.-L.'s questioning by the State at trial, the following exchange occurred:

Q.     [M.D.] has no reason to lie about Pablo, correct?

Defense Counsel:   Objection; speculation.

The Court:   I will allow her to answer if she knows.

The Interpreter:     Can you repeat that?

Q.     She has no reason to lie about Pablo, does she?

A.     No.

Q.     She has no motivation to make this up, does she?

A.     No.

Appellant's trial objection to the testimony was "speculation." Evidence is speculative when it has no basis in personal knowledge. *See Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 937–38 (Tex. 1998); *Shelton v. State*, No. 2-07-392-CR, 2009 WL 672011, at *2 (Tex. App.—Fort Worth Mar. 12, 2009, no pet.) (mem. op., not designated for publication) ("An objection that a question calls for speculation is an objection that the question calls for an opinion outside the personal knowledge of the witness."). Thus, the trial court allowed S.M.-L. to answer the question "if she knows." But appellant's complaint in this Court—that S.M.-L. gave an inadmissible opinion "and decid[ed] the issue of [M.D.'s] credibility for the

jury"—is not related to S.M.-L.'s personal knowledge. Because appellant's appellate complaint is unrelated to his trial objection, he has not preserved error for our review. *See Thomas v. State*, 505 S.W.3d 916, 924 (Tex. Crim. App. 2016) ("If a trial objection does not comport with arguments on appeal, error has not been preserved.").

We overrule appellant's fifth issue.

### Conclusion

We affirm the trial court's judgments in these cases.

/Bill Pedersen, III//
BILL PEDERSEN, III
JUSTICE

220626f.u05
220627f.u05
Do Not Publish
TEX. R. APP. P. 47

–13–



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

JUAN PABLO ESPINALCRUZ,
Appellant

No. 05-22-00626-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District
Court No. 1, Dallas County, Texas
Trial Court Cause No. F21-22246-H.
Opinion delivered by Justice
Pedersen, III. Justices Garcia and
Kennedy participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.


Judgment entered this 13th day of December, 2023.



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

JUAN PABLO ESPINALCRUZ,
Appellant

No. 05-22-00627-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District
Court No. 1, Dallas County, Texas
Trial Court Cause No. F21-00592-H.
Opinion delivered by Justice
Pedersen, III. Justices Garcia and
Kennedy participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.


Judgment entered this 13th day of December, 2023.